IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHESTNUT STREET CONSOLIDATED, LLC | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 2:21-cv-03046-ER |
| | : | |
| BAHAA DAWARA, et al. | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**THE MOTION TO DISMISS FOR LACK OF JURISDICTION**

Defendants Bahaa Dawara and Imad Dawara respectfully submit this memorandum of law in support of their Motion to Dismiss.

**I.    STATEMENT OF FACTS**

This action stems from a fire occurring on February 18, 2018, at 239 Chestnut Street and 241 Chestnut Street in Philadelphia, Pennsylvania.  ECF 1 ¶ 1.  Bahaa Dawara and Imad Dawara operated a restaurant, RCL Management LLC, at 239-241 in Philadelphia, Pennsylvania.  In June 2021, Chief Judge Juan R. Sanchez sentenced Bahaa Dawara and Imad Dawara to nine years in prison and ordered them to pay more than $22 million in restitution for conspiracy to commit arson and conspiracy to defraud the United States.  Pursuant to a restitution agreement with the United States, Bahaa Dawara and Imad Dawara sold seven properties and the proceed were applied towards restitution.

On November 25, 2019, Plaintiff Chestnut Street Consolidated, LLC ("CSC"), Fresher Start, Inc., Steven Gelbart and David Ciurlino commenced an action in the Court of Common Pleas of Philadelphia County against Bahaa Dawara and Imad Dawara and others seeking recovery from Bahaa Dawara and Imad Dawara for damages stemming from the fire.  A true and correct copy of

the Complaint is attached hereto as Exhibit A (hereinafter "State Court Action"). In the State Court Action, CSC averred it was "a limited liability company organized and validly existing under the laws of Pennsylvania. *See id.* ¶ 20. Plaintiff Fresher Start Inc.("FSC") was averred to be "a corporation organized and validly existing under the laws of Pennsylvania" *Id.* ¶ 19. The Complaint also alleged that "CSC presently owns Unit 241-B and is the assignee of rights of Plaintiffs FSC and Curlino to recover damages from Defendants." *Id.* ¶ 30.

In the State Court Action, Plaintiffs filed a Petition for a preliminary injunction, seeking to enjoin the Defendants Bahaa Dawara and Imad Dawara from transferring assets. A true and correct copy of the Petition for Injunction is attached as Exhibit B. By Order dated October 19, 2020, the Honorable Nina W. Padilla denied Plaintiff's request for injunctive relief, finding:

> Plaintiffs have not demonstrated a risk of immediate and irreparable harm sufficient for a Court to grant a preliminary injunction. * * * Individual Defendants are in federal pre-trial detention, and are therefore highly unlikely to be flight risks. Moreover the harm alleged by Plaintiffs is clearly compensable by money damages. Additionally, the requested injunction would not restore the status quo. Accordingly, the petition is denied.

A true and correct copy of the Order is attached as Exhibit C.

In this action, CSC seeks recovery pursuant to the Voidable Transfers Act, 12 Pa. C.S.A. § 5101-5114 and seeks the imposition of an accounting as well as a constructive trust. Plaintiff contends that the Bahaa Dawara and Imad Dawara transferred three properties to the remaining Defendants, even though the transfer of those properties was known by the United States when discussing restitution.

CSC alleges that it:

> is the owner of claims against the Dawara Arsonists by purchase and assignment from the individual and corporate victims of the Dawara Arsonists' crimes. The assignors of these claims are the owners of multiple condominium units that were located in both Buildings.

*See* ECF 1 at ¶ 2.

CSC provides no information as to the assignees of the claims other than to say "[t[he names of the assignors of these claims are not disclosed in the open record in this case." *See* ECF 1 ¶ 2 n.1. CSC does not indicate whether it is the owner of the claims of the remaining Plaintiffs in the State Court Action: Fresher Start, Inc., Steven Gelbart and David Ciurlino.

CSC alleges it "is a Delaware entity. All members of Plaintiff are Delaware Corporations." *See* ECF 1 at ¶ 14. The Complaint does not aver that CSC is a limited liability company and does not provide the names or addresses of any of its members. CSC was formed in Delaware on July 1, 2021. A copy of the entity details is attached as Exhibit D.

## II.     ARGUMENT

### A.     This Court lacks subject matter jurisdiction, because complete diversity is lacking in this matter.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Under federal law, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between - (1) citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) "requires complete diversity between the parties - that is, jurisdiction is lacking if any plaintiff and any defendant are citizens of the same state." *Mennen Co. v. Atl. Mut. Ins. Co.*, 147 F.3d 287, 290 (3d Cir. 1998) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806)). "Complete diversity [*4] requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 419 (3d Cir. 2010) (*citing Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553, 125 S. Ct. 2611,

162 L. Ed. 2d 502 (2005)). "The key inquiry in establishing diversity is thus the 'citizenship' of each party to the action." *Id.* In this action, Defendants do not dispute the amount in controversy; Defendants dispute diversity of citizenship.

For purposes of § 1332, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1). "[U]nlike corporations, unincorporated associations such as [LLCs or] partnerships 'are not considered "citizens" as that term is used in the diversity statute.'" *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104-05 (3d Cir. 2015) (quoting *Swiger v. Allegheny Energy, Inc.,* 540 F.3d 179, 182 (3d Cir. 2008)). "The state of organization and the principal place of business of an unincorporated association are legally irrelevant" for citizenship purposes. *Id.* at 105. Instead, the citizenship of an unincorporated association is determined by the citizenship of its members. *Id.* "For complete diversity to exist, all of the [association's] members 'must be diverse from all parties on the opposing side.'" *Id.* (quoting Swiger, 540 F.3d at 185).

The party asserting the existence of diversity jurisdiction bears the burden of establishing diversity. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3, 126 S. Ct. 1854, 164 L. Ed. 2d 589 (2006). "If the defendant . . . mounts a factual challenge [to diversity jurisdiction], the plaintiff is entitled to limited discovery for the purpose of establishing that complete diversity exists." *Lincoln Benefit*, 800 F.3d at 102. "[T]his inquiry can become quite complicated. '[A]s with partnerships, where an has, as one of its members, another LLC, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be" to determine the citizenship of the LLC.'" *Id.* at 105 n.16 (second alteration in original) (quoting *Zambelli*, 592 F.3d at 420).

4

Defendants are mounting a factual attack on diversity, sufficient for jurisdictional discovery. The fire occurred in Pennsylvania. The apartment units were owned by Pennsylvania residents. CSC was formed in Delaware on July 1, 2021 – a mere week before this action was filed, and it was presumably formed in order to assert this Court's jurisdiction. This coupled with the fact that CSC previously stated it was a Pennsylvania limited liability company, creates the inference that CSC was formed in Delaware to invoke this Court's diversity jurisdiction. "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." § 1359." It is well-settled that § 1359 "proscribes improper or collusive conduct 'to invoke' diversity jurisdiction[.]" *McSparran v. Weist*, 402 F.2d 867, 875 (3d Cir. 1968) (emphasis added), cert. denied, sub nom. *Fritzinger v. Weist*, 395 U.S. 903, 89 S. Ct. 1739, 23 L. Ed. 2d 217 (1969); *see also Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 110 (3d Cir. 1990). Accordingly, Defendant is raising a factual challenge to diversity and requests the opportunity to do discovery.

**B.** **Service on the Defendants Bahaa Dawara and Imad Dawara was improper; therefore, personal jurisdiction is lacking.**

Plaintiff sent the Summons, Complaint and Ex Parte Motion for Freezing Injunction and Temporary Order via priority USPS mail. There is nothing in the Federal Rules of Civil Procedure, Pennsylvania Rules of Civil Procedure or New Jersey Rules of Civil Procedure which authorizes service by Priority mail. Under Federal Rule of Civil Procedure 4(e), plaintiff may effect service either "pursuant to the law of the state in which the district court is located, or in which service is effected . . ." or by delivering a copy of the summons and the complaint. Fed. R. Civ. P. 4(e)(1)-(2). Service by certified mail alone is valid only if allowed by the law of the state in which service is made or if a waiver has been obtained from a defendant pursuant to Federal Rule of Civil

5

Procedure 4(d). Plaintiff has failed to comply with the federal rules for service and has never obtained a waiver from Defendants Bahaa and Imad Dawara.

Bahaa and Imad Dawara are currently incarcerated in New Jersey. In New Jersey, service by mail is valid under only two circumstances: (1) where an affidavit is submitted attesting to the fact that the individual is, after diligent efforts, not amenable to personal service, provided that copies of the summons and complaint are sent by both certified and ordinary mail; or (2) if defendant answers or appears within sixty days. N.J. R. Ct. 4:4-4(a)-(c). Neither of the two New Jersey Defendants answered or appeared within sixty days of being notified by certified mail and plaintiff has not filed an affidavit attesting to its inability to make personal service after diligent efforts. Also, Plaintiff has never sent the Summons and Complaint via registered certified mail. Thus, there is no valid service under New Jersey law.

Nor has there been valid service under the Pennsylvania law. In Pennsylvania, service may be made outside the Commonwealth by "mail in the manner provided by Rule 403." Pa. R. Civ. P. 404(2). Service by mail may be made by "any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403. Plaintiff sent the documents to Bahaa and Imad Dawara via "priority USPS mail." There is no indication that the Summons and Complaint were served via mail that required a signature by the Defendants or their authorized agent. Accordingly, Plaintiff has not served Defendants.

### III. CONCLUSION

For all the foregoing reasons, the Motion to Dismiss should be granted.

                     Respectfully submitted,

                     **KENNY, BURNS & MCGILL**

Dated: August 2, 2021       By:  /s/ *Thomas D. Kenny*
                     Thomas D. Kenny, Esquire
                     Identification Number 77611
                     Eileen T. Burns, Esquire
                     Identification Number 80404
                     1500 John F. Kennedy Boulevard
                     Suite 520
                     Philadelphia, Pennsylvania 19102
                     filings@kennyburnsmcgill.com
                     215-423-5500
                     Attorneys for Defendants
                     Bahaa Dawara
                     Imad Dawara

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of August 2021, I caused a true and correct copy of the foregoing to be served upon all counsel of record via the Court's electronic filing system.

*/s/ Eileen T. Burns*
Eileen T. Burns, Esquire
