# EXHIBIT B

FILED
03 DEC 2019 03:42 pm
Civil Administration
F. HEWITT

COMMERCE PROGRAM

| | | |
|---|---|---|
| **FRESHER START INC ("FSC")**, Et al. | : : : | IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiffs, | : : | NOVEMBER TERM, 2019 |
| v. | : : | NO. 19-1103370 |
| **RCL MANAGEMENT LLC ("RCL")**, Et al. | : : : : | |
| Defendants. | : : | |

# ORDER

AND NOW, this ___ day of _____, 2019, upon consideration of Plaintiffs Fresher Start Inc, David Ciurlino, Chestnut Street Consolidated LLC and Steven Gelbart's Petition for Preliminary Injunction, it is hereby ORDERED and DECREED that:

1. Plaintiffs have a clear right to recover from Defendants Imad Dawara ("Imad"), Bahaa Dawara ("Bahaa") and RCL Management LLC ("RCL") for failure to adequately insure the tenancy and leased premises located at 239-241 Chestnut Street, Philadelphia, PA 19106 as required by their lease. There is a substantial likelihood that Plaintiffs will succeed on the merits of their claims against Defendants, particularly on claims made under Count I of the Complaint.

Case ID: 191103370
Control No.: 19120606

2. The assets of Defendants Imad, Bahaa and RCL are at substantial risk of destruction or dissipation prior to a final determination of judgment in this case and without an injunction will likely be unavailable to satisfy the judgment.

3. Plaintiffs are facing immediate and irreparable harm resulting from Defendants' ongoing scheme to render themselves judgment–proof from any verdict. The reason why this immediate and irreparable harm could not be adequately compensated by money damages is that Defendants' specific scheme consists of making money damages uncollectible.

4. Compelling allegations have also been made by authorities and Plaintiffs that Defendants destruction of their own assets, including an indictment of Defendants Bahaa and Imad that includes claims that these Defendants have engaged in arson and insurance fraud.

5. The irreparable injury Plaintiffs face outweighs the injury that Defendants will sustain as a result of the immediate injunctive relief.

6. The public interest will be served by the granting of the immediate injunctive relief.

7. Plaintiffs' Petition for an Injunction is **GRANTED**.

8. Defendants Imad, Bahaa and RCL are hereby **RESTRAINED AND ENJOINED**, for the duration of this proceeding or until further order of this court, from:

   a. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, credit instruments, real or personal property, accounts, contracts, shares of stock, lists of consumer names, digital currency accounts or other assets, or any interest therein, wherever located, including outside the territorial United States, that are:

Case ID: 191103370
Control No.: 19120606

      i. Owned, controlled, or held by, in whole or in part, for the benefit of, or subject to access by, or belonging to, any Defendant;

      ii. In the actual or constructive possession of any Defendant; or

      iii. In the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, or belonging to, any other corporation, partnership, trust, or any other entity directly or indirectly owned, managed, or controlled by, or under common control with, any Defendant, including, but not limited to, any assets held by or for any Defendant in any account at any bank or savings and loan institution, or with any credit card processing agent, automated clearing house processor, network transaction processor, bank debit processing agent, customer service agent, commercial mail receiving agency, or mail holding or forwarding company, or any credit union, retirement fund custodian, money market or mutual fund, storage company, trustee, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, exchange or other financial institution or depository of any kind, either within or outside the territorial United States;

b. Opening or causing to be opened any safe deposit boxes, commercial mailboxes, or storage facilities titled in the name of any Defendant, or subject to access by any Defendant or under any Defendant's control, without providing counsel for Plaintiffs prior notice and an opportunity to inspect the contents in order to determine that they contain no assets covered by this order;

    c. Cashing any checks or depositing any payments to or for the benefit of Defendants;

    d. Incurring liens or encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant; or

    e. Transferring any funds or other assets subject to this Order for attorney's fees or living expenses, except from accounts or other assets identified by prior written agreement with counsel for Plaintiffs.

9. **IT IS FURTHER ORDERED** that any financial institution, business entity, or person maintaining or having custody or control of any account, real property or other asset of any Defendant, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant, which is served with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

    a. Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any of the assets, funds, documents, or other property held by, or under its control:

        i. On behalf of, or for the benefit of, any Defendant or other party subject to the paragraphs above;

        ii. In any account maintained in the name of, or for the benefit of, or subject to withdrawal by, any Defendant or other party subject to the paragraphs above; and

      iii. That are subject to access or use by, or under the signatory power of, any Defendant or other party subject to the paragraphs above;

b. Deny Defendants access to any safe deposit boxes or storage facilities that are either:

      i. Titled in the name, individually or jointly, of any Defendant, or other party subject to the paragraphs above; or

      ii. Subject to access by any Defendant or other party subject to the paragraphs above.

c. Provide Counsel for Plaintiffs, within five (5) days of the date of service or notice of this Order, a sworn or verified statement setting forth:

      i. The identification number of each account or asset titled in the name, individually or jointly, of any Defendant, or held on behalf of, or for the benefit of, any Defendant or other party subject to Section II above, including all trust accounts managed on behalf of any Defendant or subject to any Defendant's control;

      ii. The balance of each such account, or a description of the nature and value of such asset;

      iii. The identification and location of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access or control by any Defendant or other party subject to the provisions above, whether in whole or in part; and

    iv. If the account, safe deposit box, storage facility, or other asset has been closed or removed, the date closed or removed and the balance on said date.

**BY THE COURT:**

_____**J.**

Case ID: 191103370
Control No.: 19120606