UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHESTNUT STREET CONSOLIDATED, LLC,** | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 2:21-cv-03046-ER |
| | : | |
| v. | : | |
| | : | |
| **BAHAA DAWARA, et al.** | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**PLAINTIFF CSC'S MEMORANDUM OF LAW IN RESPONSE TO
THE DAWARA ARSONISTS' MOTION TO COMPEL**

Plaintiff Chestnut Street Consolidated, LLC ("CSC"), by and through undersigned counsel, Gellert Scali Busenkell & Brown LLC, hereby submits the following Memorandum of Law in Opposition to the Motion to Compel filed by Imad Dawara ("Imad"), Bahaa Dawara ("Bahaa") (collectively, "Dawara Arsonists").

Failure to Meet and Confer is Fatal

Federal Rule of Civil Procedure 37 obligates a party to certify, along with its motion to compel, that it "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37 (a)(1). Meet and confer requirements are not satisfied by merely demanding compliance with discovery requests. Instead, the rules require parties to "converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."

Here, counsel for the Dawara Arsonists merely complained at the deposition about certain but not all of the issues raised in their motion and warned that a motion to compel might be forthcoming. This falls far short of the rule's requirements.  Compliance with the Rules would

have involved face-to-face or telephonic communications regarding the particular deficiencies Defendants perceived in Plaintiff's production, and a full discussion of the parties' positions regarding particular documents. A good faith effort to resolve discovery disputes requires an exchange of information until no additional progress is possible.  Defendant's objections to Plaintiff's redactions were general and did not describe with any particularity what relevant information was sought other than the identities of the certain individuals.  The motion must be denied.

<u>Seeking Irrelevant Information for an Improper Purpose</u>

As crime victims, the individual principals have the following rights under 18 United States Code Section 3771:

> *(1) The right to be reasonably protected from the accused; and …;*
>
> *(8) The right to be treated with fairness and with respect for the victim's dignity and privacy.*

The criminal judgments entered against both Dawara Arsonists specifically provide:

> *The defendant is prohibited from contacting any victims directly or indirectly. If that happens it is a violation.*

See e.g., Case 2:19-cr-00414-JS Document 94 Filed 06/28/21.

During the criminal proceedings, protective orders were entered by the trial judge to protect the identity and privacy of the victims.  See e.g., Case 2:19-cr-00414-JS Document 22 Filed 11/22/19.

Despite the crime victims' rights, the Dawara Arsonists continue with their terroristic tactics seeking to ferret out irrelevant information about the victims, their activities and business interests for no legitimate purpose.

As set out in CSC's response to the Motion to Dismiss, the criminal case against the Dawara Arsonists included descriptions of threats of violence and retaliatory misconduct by the Dawara Arsonists. As part of their guilty plea and sentencing proceedings, the Dawara Arsonists **admitted**, and the sentencing court has determined, that the arson was committed in part to **retaliate** against the landlord who had previously sued the Dawara Arsonists in state court and obtained an eviction order against them, as well as against owners and residents of the Chestnut Street buildings for complaining against the various violations occurring at the Dawara Arsonists' restaurant and hookah lounge on the ground floor.

As set forth above, the residents' and owners' legitimate fear of the Dawara Arsonists were front and center during criminal proceedings including the sentencing proceedings of both Dawara Arsonists in late June 2021.

The Dawara Arsonists are capable of heinous acts of violence, particularly against those who they believe wronged them. While they are in prison now, one day the Dawara Arsonists will return to society. More ominously, their family members have been clearly cooperating with them in additional tortious and potentially criminal acts occurring over the past 22 months, including at least as recently as this spring.

The Dawara Arsonists' attorneys' commitment to keep the *documents* in question on a secure server is unavailing and does not protect the victims. Courts have rejected outright the use of the "attorneys' eyes only" process to resolve disputes such as this[1]. Either document contents are truly sensitive and their disclosure will be harmful or not. The Dawara Arsonists, who interacted at one time or another with most of their victims who resided above their restaurant/lounge, will be able to easily deduce the victims' identities from tangential information

---

[1] See e.g., *CLL Academy, Inc. v. Academy House Council,* No. 446 EDA 2019, 2020 WL 1671586 (Pa. Super. Ct. Apr. 6, 2020).

that their attorneys may be compelled to share or inadvertently disclose to the Dawara Arsonists (without stating the name of the victim) and/or file in court – to which filings the Dawara Arsonists will be entitled. Even the minimal indicia of the victim's business activity, or state of residence, or amount of loss, or business relationship with others, would be sufficient. The pool of victims with substantial claims is not large. By way of example only, and without an implication that any of these individuals are or are not among the Principals or assignors of CSC's claims, the victim pool includes only one car dealer, one restaurant operator, one real estate developer, one dentist, two doctors, one architect, etc. The attempted inquiry into this irrelevant information is wholly inappropriate, breaches the limited nature of the present discovery scope as ordered by the Court, and should not be permitted. CSC has described with great particularity how specific harms would arise from allowing the Dawara Arsonists' attorneys to review the documents and information.

Additionally, while some of the documents (such as CSC's registration document in Pennsylvania) may be available from other public-domain sources in unredacted form, this does not mean that the Dawara Arsonists have enough sophistication to find and access these documents. Third parties, including the Dawara Arsonists' counsel, should not obtain and file of public record, as they have done in this case, the full street address of CSC had the time of its registration in 2018, potentially making it easier for the Dawara Arsonists or their co-conspirators to locate those associated with CSC.

For these reasons, and because of the limited nature of the current discovery process which includes only the very narrow set of relevant factual issues affecting the jurisdiction question, CSC has not disclosed the identities of the physical persons and legal entities who are CSC's members and/or officers, nor the identities of the individual officers and owners of its corporate members, nor description of their business activities and interests. CSC has, however, provided clear

information regarding their states of citizenship, which is the only relevant information for purposes of the Motion. In fact, if the Dawara Arsonists believe that the Initial Members', the Principals', and at least some of the Assignors' Pennsylvania citizenship allows them to defeat this Court's jurisdiction, they have it for the asking. Who exactly the Initial Members and Principals is separate and inconsequential to the Dawara Arsonists' legal argument that the Pennsylvania citizenship of these individuals and entities defeats jurisdiction.

As CSC has articulated, one of the important business reasons for its change to a Delaware LLC, and the formation of the Delaware corporations, was to utilize Delaware law that better protects the identities of the individuals in question. In fact, this was a major reason for the conversion when it became clear on June 24, 2021 that recovery in favor of CSC will be possible (i.e., when CSC learned, for the first time, about the fraudulent transfers of real estate). The tax optimization, this court's jurisdiction, access to Delaware courts, and various other business advantages were added benefits supporting business justification for the conversion.

Finally, the assignments that the Dawara Arsonists' seek to obtain are also completely inconsequential to the issue of jurisdiction. CSC is plainly a judgment creditor of the Dawara Arsonists under a ruling of the Philadelphia Court. The only issue remaining there is the amount of damages.

Using the limited discovery process ordered by this Court to satisfy the Dawara Arsonists' curiosity is wholly inappropriate. The Dawara Arsonists have failed to articulate a single ground as to why the identity of the individuals at issue is relevant to the narrow issue of diversity jurisdiction pending before the court.  Plaintiff has provided all the relevant information requested - the identities are not needed. Plaintiff respectfully requests that the court protect the identities and privacy of the individuals at issue from these convicted criminals and deny the motion to

compel. In the event that the court feels that the identity of the individuals is somehow relevant, the plaintiff will make unredacted copies of the various documents available to the court for in camera review.

**WHEREFORE**, Plaintiff prays that the Court deny the motion to compel.

August 12, 2021

        **GELLERT, SCALI, BUSENKELL & BROWN, LLC**

        **/s/ Gary F Seitz**
By:   Gary Seitz
      Attorney I.D. No.: 52865
1628 John F. Kennedy Boulevard, Suite 1901
Philadelphia, Pennsylvania 19103
Ph: (215) 238-0011
Fx: (215) 238-0016
gseitz@gsbblaw.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of August 2021, I caused a true and correct copy of the foregoing to be served upon all counsel of record via the Court's electronic filing system.

/s/ Gary F. Seitz
Gary F. Seitz