IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHESTNUT STREET CONSOLIDATED, LLC | : : : | |
| Plaintiff, | : : | CIVIL ACTION |
| v. | : : | No. 2:21-cv-03046-ER |
| BAHAA DAWARA, et al. | : : | |
| Defendants. | : | |

**DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Defendants, Bahaa Dawara and Imad Dawara, by and through their undesigned counsel, Kenny, Burns & McGill, hereby submit their proposed findings of fact and conclusions of law.

**PROPOSED FINDINGS OF FACT**

1. This action stems from a fire occurring on February 18, 2018 at 239 Chestnut Street and 241 Chestnut Street in Philadelphia, Pennsylvania. ECF 1 ¶ 1.

2. In June 2021, Chief Judge Juan R. Sanchez sentenced Bahaa Dawara and Imad Dawara to nine years in prison and ordered them to pay more than $22 million in restitution for conspiracy to commit arson and conspiracy to defraud the United States. *Id*. at ¶ 29.

3. Pursuant to a restitution agreement with the United States, Bahaa Dawara and Imad Dawara sold seven properties and the proceeds were applied towards restitution.

4. On November 25, 2019, Plaintiff Chestnut Street Consolidated, LLC ("CSC"), Fresher Start, Inc., Steven Gelbart, and David Ciurlino commenced an action in the Court of Common Pleas of Philadelphia County captioned as *Fresher Start, Inc. v. RCL Management, LLC, et al.* at November Term, 2019; No.: 03370 (the "State Court Action") against Bahaa Dawara, and

Imad Dawara, and others seeking recovery from Bahaa Dawara and Imad Dawara (collectively, the "Dawaras") for damages stemming from the fire. ECF 20 at Exhibit A.

5.  In the instant action, Plaintiff seeks recovery pursuant to the Pennsylvania Uniform Voidable Transfers Act, 12 Pa. C.S.A. § 5101-5114 ("PUVTA") and seeks the imposition of an accounting as well as a constructive trust. ECF 1.

6.  Pursuant to a sentencing agreement dated October 23, 2020 (the "Sentencing Agreement") in the matter of *United States v. Imad and Bahaa Dawara*, Eastern District of Pennsylvania Criminal Nos. 19-CR-414 and 20-CR-104, the Dawaras agreed to liquidate certain properties in order to facilitate the payment of restitution. *See* 2:19-cr-00414-69 at ECF 69[1]; ECF 1 at ¶¶ 39-40.

7.  Pursuant to the Sentencing Agreement, the Government's right to collect restitution was not to be extended to the following properties owned by the Dawaras:

    (a) 19 Ridgeway Avenue, Norristown, Pennsylvania;

    (b) 305 Seminole Street, Essington, Pennsylvania; and

    (c) 407 Seminole Street, Essington, Pennsylvania.

*Id.*

8.  The Ridgeway Avenue and Seminole Street properties (collectively, the "Exempt Properties") are highlighted by Plaintiff as the "primary target of Plaintiff's collection and execution effort." *Id.* at ¶ 40(c).

---

[1] Plaintiff's Complaint incorporated by reference the criminal dockets in the aforementioned matters. ECF 1 at ¶ 23.

**19 Ridgeway Avenue, Norristown, Pennsylvania**

9.  The Ridgeway Avenue property was transferred from Bahaa Dawara to Bahaa Dawara and Faten Dawara on November 14, 2019. *See* trial exhibits of Faten Dawara, Maisaa Dawara, Mirvat Dawara, Abeer Naim,[2] and Haitham Albarouki ("Defendants' Trial Exhibits") at D-3(a).

10. The purpose of this transfer was to allow Faten Dawara to handle the rental of the property and the payment of the mortgage. *See* Bahaa Transcript at 38:14-17.

11. Bahaa Dawara was advised to transfer the property to his sister by an attorney after his arrest. *Id.* at 26:19-22, 27:18-24.

12. Prior to this transfer, the property had been leased from Bahaa Dawara to Saher Dawara pursuant to a written lease agreement dated August 1, 2017. *See* Defendants' Trial Exhibits at D-2(c).

13. At the time of Bahaa Dawara's arrest, the property was occupied by his parents, Shaher and Seham Dawara. *See* Bahaa Transcript at 41:17-21.

14. Bahaa Dawara had purchased the Ridgeway Avenue Property approximately two (2) years prior to his arrest and had purchased it for his parents. *Id.* at p. 42.

15. Saher Dawara continues to pay rent to Faten Dawara pursuant to the lease and Faten Dawara makes monthly mortgage payments. *Id.* at pp. 45-46.

**407 Seminole Street, Essington, Pennsylvania**

16. The property at 407 Seminole Street was transferred from Imad Dawara to Imad Dawara and Mirvat Dawara on November 11, 209. *See* Defendants' Trial Exhibits at D-3(d).

---

[2] Faten Dawara and Maisaa Dawara are the sisters of Imad and Bahaa Dawara. Abeer Naim is the wife of Imad Dawara. Haitham Albarouki is the husband of Faten Dawara. *See* transcript of the March 29, 2022 trial deposition of Bahaa Dawara ("Bahaa Transcript") at p. 34.

3

17. This property was later transferred from Imad Dawara to Mirvat Dawara on March 25, 2021. *See* Defendants' Trial Exhibits at D-3(e).

18. Prior to this transfer, the property had been leased from Imad Dawara to Omar Alameddin, Marvet Dawara, Nermeen Alameddin, and Wisaim Alameddin pursuant to a written lease agreement with option to purchase dated August 15, 2015. *See* Defendants' Trial Exhibits at D-2(b).

19. Imad Dawara purchased the property in 2015 for his sister, Mirvat Dawara. *See* transcript of the March 31, 2022 trial deposition of Imad Dawara ("Imad Transcript") at 66:8-13.

20. After the property was purchased by Imad Dawara, Mirvat Dawara moved in with her husband and children and paid Imad regularly pursuant to the lease purchase agreement. *Id.* at p. 67.

21. This property was transferred to Mirvat Dawara because she and her husband had fulfilled their obligations pursuant to the lease purchase agreement. *Id.* at pp. 68-69.

### 305 Seminole Street, Essington, Pennsylvania

22. The property at 305 Seminole Street was transferred from Imad Dawara to Imad Dawara and Maisaa Dawara on November 11, 2019. *See* Defendants' Trial Exhibits at D-3(b).

23. This property was later transferred by Imad Dawara by his attorney in fact, Haitham Albarouki, to Maisaa Dawara on March 25, 2021. *See* Defendants' Trial Exhibits at D-3(c).

24. Prior to these transfers, the property had been leased from Imad Dawara to Nawras Dawara, Maisaa Dawara, Rami Dawara and Shadi Dawara pursuant to a written lease agreement with option to purchase dated August 15, 2015. *See* Defendants' Trial Exhibits at D-2(a).

25. Imad Dawara purchased the property for his sister in approximately 2015. Imad Transcript at 59:13-20.

26. After the purchase of the property, Imad Dawara, her husband, and children moved in to the property, performed repairs, and paid all of the expenses. *Id*. at 61:9-14.

27. Following his arrest, Imad Dawara made the decision to transfer the property to his sister because they had paid off the amount that was to be paid under the lease-purchase agreement. *Id.* at 65:11-14.

## PROPOSED CONCLUSIONS OF LAW

1. Plaintiff has failed to establish that the Dawaras' transfer of the Exempt Properties constitutes voidable transfers pursuant to the Uniform Voidable Transfers Act, 12 Pa.C.S. § 5101, *et seq.* ("PUVTA").

2. Under the PUVTA:

> A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> > (1) with actual intent to hinder, delay or defraud any creditor of the debtor; or
> >
> > (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
> >
> > > (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
> > >
> > > (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

12 Pa.C.S. § 5104(a).

.

3. "Generally, PUVTA permits a creditor to void a transfer or obligation upon direct or indirect proof of fraud. Because direct proof of fraud is rarely available, Section 5104 identifies factors … that a court may consider in ascertaining whether the debtor executed a voidable transfer." *Fell v. 340 Associates, LLC*, 125 A.3d 75, 81 (Pa. Super. 2015).

4. These fraud factors are "reviewed qualitatively rather than quantitatively." *Knoll v. Uku*, 154 A.3d 329, 333 (Pa. Super. 2017).

5. In determining actual intent under 12 Pa.C.S. § 5104(a)(1), consideration to given, among other factors, to whether "the debtor retained possession or control of the property transferred after the transfer." 12 Pa.C.S. § 5104(b)(2).

6. The Exempt Properties were never in the possession or control of the Dawaras prior to their transfer, nor did the Dawaras maintain possession or control of them following the transfer.

7. The property at 19 Ridgeway Avenue was purchased by Bahaa Dawara in 2017 for the purpose of providing a house for his parents. This property has been leased and maintained by his parents since August 2017. The property was transferred to Bahaa Dawara's sister, Faten Dawara, who collects rent from her father and ensures that the mortgage is paid. Bahaa Dawara, who is currently incarcerated, does not in any way control or possess the Ridgeway Avenue Property.

8. Similarly, 407 Seminole Street was purchased by Imad Dawara in 2015 for the purpose of providing a house for his sister, Mirvat Dawara. Since 2015, Mirvat Dawara, her husband, and their children have resided at that property pursuant to a lease purchase agreement, maintained the property, and have made all payments pursuant to the lease purchase agreement. Imad Dawara does not control or possess 407 Seminole Street and the property was not transferred

until Mirvat Dawara fulfilled her payment obligations pursuant to the August 31, 2015 lease purchase agreement.

9. Imad Dawara also purchased 305 in 2015 for the purpose of providing a house for his sister, Maisaa Dawara. Since 2015, Maisaa Dawara, her husband, and their children have resided at that property pursuant to a lease purchase agreement, maintained the property, and have made all payments pursuant to the lease purchase agreement. Imad Dawara does not control or possess 305 Seminole Street and the property was not transferred until Maisaa Dawara fulfilled her payment obligations pursuant to the August 31, 2015 lease purchase agreement.

10. Accordingly, Plaintiff is not entitled to recover under any voidable transfer theory brought under the PUVTA.

11. Plaintiff is not entitled to an award of punitive damages.

12. Where a Plaintiff can show outrageous conduct coupled with a fraudulent transfer, a Court may award punitive damages as a form of "any other relief the circumstances may require. *Klein v. Weidner*, 729 F.3d 280 (3d Cir. 2013); 12 Pa.C.S. § 2107(a)(3)(iii).

13. Plaintiff has failed to demonstrate that the conduct of the Dawaras was outrageous or that the transfer of the Exempt Properties was fraudulent.

          Respectfully submitted,

          **KENNY, BURNS & MCGILL**

Dated: June 6, 2022        By:   /s/ *Thomas D. Kenny*
          Thomas D. Kenny, Esquire
          Identification Number 77611
          Eileen T. Burns, Esquire
          Identification Number 80404
          1500 John F. Kennedy Boulevard
          Suite 520
          Philadelphia, Pennsylvania 19102
          filings@kennyburnsmcgill.com
          215-423-5500
          Attorneys for Defendants
          Bahaa Dawara
          Imad Dawara