**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHESTNUT STREET CONSOLIDATED, LLC | : |
| v. | :No.: 21-CV-03046(ER) |
| BAHAA DAWARA | : |
| And | : |
| IMAD DWARA | : |
| And | : |
| FATAN DAWARA<br>a/k/a FATEN DAWARA | : |
| And | : |
| MAISAA DAWARA | : |
| And | : |
| MIRVAT DAWARA | : |
| And | : |
| ABEER NAIM | : |
| And | : |
| HITHAM ALBAROUKI<br>a/k/a HAITHAM ALBAROUKI | : |
| And | : |
| DOE INDIVIDUALS (1-10), | : |
| And | : |
| DOE ENTITIES (1-10) | : |
| Defendants. | |

1

**DEFENDANTS FATAN DAWARA A/K/A FATEN DAWARA, MAISAA DAWARA, MIRVAT DAWARA, ABEER NAIM, HITHAM ALBAROUKI, A/K/A HAITHAM ALBAROUKI'S REPLY TO PLAINTIFF'S POST-TRIAL MEMORANDUM**

**AND NOW**, comes Defendants, Defendants, Fatan Dawara a/k/a Faten Dawara, Maisaa Dawara, Mirvat Dawara, Abeer Naim, Hitham Albarouki, a/k/a Haitham Albarouki's Reply to the Post-Trial Memorandum filed by Plaintiff. Defendants' incorporate by reference the proposed findings of fact and proposed conclusions of law that provide in detail the reasons the Court must find in favor of Defendants:

**INTRODUCTION**

Plaintiff filed a Post-Trial Memorandum on June 6, 2022 in support of the claims raised in the Complaint. Defendants' offer the following "brief" reply brief in opposition to the arguments raised by plaintiff. So as to not duplicate defendants' arguments, defendants' will address whatever new information is supplied in plaintiff's brief.

**ARGUMENT**

Plaintiff has filed a thirty-one (31) page brief which is essentially a rehash of the complaint with little focus on the actual defenses interposed by defendants. The first six pages is made up of their legal theory, jurisdiction and venue. Defendants' agree that this Court has jurisdiction to hear the claims and the venue is appropriate.

The next portion of their memorandum focuses on the facts of the case. Again, for at least the fourth (4th) time in the case the color-coded "chart" is used ostensibly to hammer home the point regarding these ten (10) transfers.

Elementally, the parcels of real estate, the amount of the amount of the transfer, the date of the transfers and the transferors and the transferees is agreed upon. Reviewing defendants' brief, defendants' have admitted to the transfers. The gravamen of the case is really, why were

the property transferred and whether it was done to defraud plaintiff. All of this other information is mere fluff by plaintiff in a well-designed attempt by plaintiff to have this court take a jaundiced view of defendants' otherwise legitimate actions.

It goes without saying that seven (7) of the properties have been ceded to the government. Plaintiff would somehow have this court impute fraud in the transfers of these properties, despite the fact the government has not taken that position nor did any actions of the defendants enable them to keep the properties. The proceeds of the sale of these properties either has or will go to pay the restitution obligations of the incarcerated defendants. Defendants are simply not getting a free pass with the transfers. How this helps plaintiff establish fraud is subject to much interpretation.

The three (3) other properties, which do not buttress plaintiff's arguments for fraud are in the proper names of the proper defendants. As was established at trial, the property located on Ridgeway Avenue in Norwood, Pennsylvania is a family property, with a mortgage and at least six (6) people living there. Despite this family dynamic, plaintiff seeks to upset the apple cart and have the deed reversed, set-aside and ultimately take the property from defendants and their family members, despite the existence of a mortgage encumbering the property. Lest the record forget, this property was subject to a lease which pre-dates the actions of the incarcerated defendants by many years.

The other two (2) properties, located at 305 Seminole Street and 407 Seminole Street, Essington, Pennsylvania are being occupied by Maisaa Dawara (and family) and Mirvat Dawara (and family), respectively. The lease purchase(s) again predate any actions by the incarcerated defendants and evidentiary support was supplied for the sisters' ownership interests in those properties.

3

Plaintiff takes time to review the judicial admissions, affidavits, and "select key oral testimony" of the witnesses at trial.  Plaintiff did examine the testimony of the other four (4) defendants, non-incarcerated, who testified at trial.  Plaintiff attempts to make its position clear that they *only* seek to claw back three (3) properties.  Plaintiff also seek a judgment against *all* defendants for the value of *all of* the properties that are subject to the restitution agreement.  Plaintiff seeks to avoid the transfers.

Plaintiff then reviews the Pennsylvania Uniform Voidable Transfer Act for the proposition that there was *alternatively* "actual fraud" or "constructive fraud."  Plaintiff posits that actual intent has been established by defendant, Albarouki and Faten Dawara.  The court had the opportunity to observe the defendants' demeanor and listen to the reason the transfers were made.  After hearing same, there can only one conclusion, i.e., the transfers occurred for legitimate reasons which had little to do with the machinations imputed by plaintiff.  Defendants will not readdress the application of the "badges of fraud" to the case at bar as it is cogently laid out in the principal brief.

If plaintiff cannot prove actual fraud, they move to constructive fraud, in an attempt to recover the transfers of the three (3) properties.  Somehow, plaintiff equates the timing of the transfers with some form of artifice and stratagem on the part of the defendants; nothing could be further from the truth.  The propinquity between the defendants' arrest, guilty plea and sentencing to the actual transfers is of little moment when counterbalanced by the existence of legitimate reasons for doing so, i.e., lease purchase, mortgages, incarcerated defendants, powers of attorney, governmental involvement and advice of attorneys, etc.

Plaintiff seeks varying forms of relief from the claw back of the transfers of the three properties, to a money judgment from the seven (7) properties which were taken by the

4

government?, to punitive damages.  This is a gross over reaching by plaintiff.  The quantum of damages and the relief sought is inappropriate and should not be countenanced by this Honorable Court.  The non-incarcerated defendants are of modest means, living in homes which they have rightfully paid for the "right" to live in.  Moreover, the non-incarcerated defendants are blameless in this case and are only seeking to live where they have been living and go on about their lives the best way they can based upon actions of the incarnated defendants.

Plaintiff's prayers for relief seek to cripple the defendants', both financially and personally.  This is not the purpose of the PUVTA.  Plaintiff is receiving restitution through Court Orders, restitution agreements and lawsuits.  To punish these defendants because of the actions of the codefendants is wholly improper.

## CONCLUSION

Therefore, for all of the foregoing reasons, it is respectfully requested this Honorable Court enter judgment in favor of Defendants, Haitham Albarouki, Faten Dawara, Maisaa Dawara, Mirvat Dawara and Abeer Naim and against Plaintiff.

                                        Respectfully submitted,

                                        **LAW OFFICES OF JONATHAN J. SOBEL**

                                        s/JONATHAN J. SOBEL, ESQ.
                                        1500 Walnut Street, Suite 2000
                                        Philadelphia, PA  19102
                                        (215) 735 7535
                                        (215) 735 7539
                                        Mate89@aol.com

                                        Attorney for Defendants

Date:   June 20, 2022

## PROOF OF FILING / SERVICE

I, JONATHAN J. SOBEL, ESQUIRE, attorney for Defendants, hereby certify that I am duly authorized to make this certification; that on June 20, 2022, I electronically filed the Trial Brief (Reply) and caused it to electronically mailed, addressed as follows:

Gary Seitz, Esquire
**GELLERT, SCALI, BUSENKELL & BROWN, LLC**
1628 John F. Kennedy Blvd., Suite 1901
Philadelphia, PA. 19103

*Attorney for Plaintiff*

Thomas Kenny, Esquire
**KENNY, BURNS & MCGILL**
1500 John F. Kennedy Blvd., Suite 520
Philadelphia, PA. 19102

*Attorney for Defendants, Bahaa Dawara, Imad Dawara*

Respectfully submitted,

**LAW OFFICES OF JONATHAN J. SOBEL**

s/JONATHAN J. SOBEL, ESQ.
1500 Walnut Street, Suite 2000
Philadelphia, PA  19102
(215) 735 7535
(215) 735 7539
Mate89@aol.com

Attorney for Defendants

Date:   June 20, 2022