UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHESTNUT STREET CONSOLIDATED, LLC,** | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 21-3046 |
| | : | |
| v. | : | |
| | : | NONJURY TRIAL |
| **BAHAA DAWARA,** | : | |
| **IMAD DAWARA,** | : | |
| **FATAN DAWARA** a/k/a **FATEN DAWARA** | : | |
| **MAISAA DAWARA,** | : | |
| **MIRVAT DAWARA,** | : | |
| **ABEER NAIM,** | : | |
| **HITHAM ALBAROUKI** a/k/a **HAITHAM ALBAROUKI**, | : | |
| Defendants. | : | |

### PLAINTIFF CHESTNUT STREET CONSOLIDATED, LLC'S MOTION TO ENFORCE ORDER AND HOLD CERTAIN DEFENDANTS IN CONTEMPT

Plaintiff, Chestnut Street Consolidated, LLC ("CSC"), by and through Gellert Scali Busenkell & Brown, LLC, its undersigned counsel, in the interests of justice, hereby moves this Honorable Court to find defendants in contempt of this Court's order dated August 3, 2022 ("Order") and seeks an order to enforce this Court's order dated August 3, 2022 ("Order"), among other things, directing defendants to execute by August 31, 2022 certain quitclaim deeds and in support thereof respectfully sets forth and represents as follows:

1. On August 3, 2022, the Court entered a judgment in accordance with the Court's Order and accompanying Memorandum, among other things, directing defendants to execute by August 31, 2022, the following quitclaim deeds:

Bahaa Dawara and Faten Dawara (a/k/a Fatan Dawara) shall execute a quitclaim deed to return title to the property at 19 Ridgeway Avenue, Norwood, PA 19074 to Bahaa Dawara;

Imad Dawara and Maisaa Dawara shall execute a quitclaim deed to return title to the property at 305 Seminole Street, Essington, PA 19029 to Imad Dawara; and

Imad Dawara and Mirvat Dawara shall execute a quitclaim deed to return title to the property at 407 Seminole Street Essington, PA 19029 to Imad Dawara. (ECF-138, para 4, p. 2).

2. On August 17, 2022, counsel for CSC provided counsel for defendants with three deeds drafted to undo the avoided transfers as set forth in the Order. Counsel for defendants was requested to provide his clients' notarized signatures not later than August 31, 2022. A true copy of the email is attached as Exhibit 1.

3. Defendants have ignored the Court's order and counsel for CSC's effort to obtain their compliance with the order.

4. On August 30, 2022, defendants appealed the Order. Defendants did not request or obtain relief from the judgment, stay the judgment, or seek a stay of execution. Pursuant to Federal Rule 62(c)(1), the injunctive nature of the judgment that directed defendants to sign and deliver the deeds is not stayed by simply filing a notice of appeal.

5. On September 1, 2022, counsel to CSC sent an email to counsel for defendants reminding them of their noncompliance with the Court's Order and proposing means to preserve the status quo pending their appeal. A true copy of the email is attached as Exhibit 2.

6. A follow-up sent on September 21, 2022 received the only response that only requested that CSC forebear util Monday, September 26, 2022. A true copy of the email is attached as Exhibit 3. Although CSC agreed to forebear until then, no further response has been provided.

7. Despite adequate notice of the order and counsel's efforts to obtain compliance, Defendants have not responded and apparently refuse to comply with the Order or offer any means to preserve the status quo pending appeal.

8. Without defendants'' compliance with the judgment, CSC has no assurance that the status quo will be preserved as is contemplated by rules surrounding an appeal.

9. The current value of three properties will be impaired by the application of any further unpaid debt including taxes and unpaid mortgage obligations (reducing equity in the real estate and therefore CSC's eventual recovery).

10. Additionally, some of the defendants continue to unfairly enjoy rent-free occupancy of three houses that do not belong to them, while CSC is deprived of such rental income.

11. CSC also runs the risk that should the properties be uninsured, the properties may be damaged or destroyed by a casualty such as fire, potentially wiping out CSC's entire eventual recovery.

12. Despite any appeal, the three properties must be transferred so that CSC's judgment lien may attach to them for purposes of notice to third parties and for execution on the state court judgment.

13. "There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966) (citations omitted). A civil contempt order may issue upon a court finding: "(1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the

defendants disobeyed the order." *Marshak v. Treadwell*, 595 F.3d 478, 485 (3d Cir. 2009) (*citation and internal quotation marks omitted*).

14. Civil contempt may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827 (1994).

15. Recognizing the contempt power's virility and damage potential, courts have created a number of prudential principles designed to oversee its deployment. For one thing, in levying contempt sanctions, the court must exercise the least possible power suitable to achieve the end proposed. *Spallone v. United States*, 493 U.S. 265, 110 S.Ct. 625, 632, 635, 107 L.Ed.2d 644 (1990); *Shillitani v. United States*, 384 U.S. 364, 371, 86 S.Ct. 1531, 1536, 16 L.Ed.2d 622 (1966).

16. In this case, the end is achieved by the least possible power by fining each defendant $100 per day until the Order is complied with.

17. Second, "a complainant must prove civil contempt by clear and convincing evidence." *Langton*, 928 F.2d at 1220. Here, the failure of the defendants to comply with the court order is undisputable and beyond cavil.

18. Civil contempt will lie if the putative contemnor has violated an order that is clear and unambiguous. See *Inmates of the Allegheny County Jail v. Wecht*, 754 F.2d 120, 129 (3d Cir.1985). The Order clearly and unambiguously required the defendants to transfer the three properties. Defendants had adequate notice that they are within the order's ambit. They violated a clear and unambiguous order that left no reasonable doubt as to what behavior was expected, who was expected to behave and by when in the indicated fashion. The order also clearly and

directly identified which of the defendants were so obligated to do what. There can be no reasonable doubt.

19. Alternatively, Federal Rule of Civil Procedure 70 provides a lesser possible power:

(a) Party's Failure to Act; Ordering Another to Act. If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court. When done, the act has the same effect as if done by the party.

(b) Vesting Title. If the real or personal property is within the district, the court—instead of ordering a conveyance—may enter a judgment divesting any party's title and vesting it in others. That judgment has the effect of a legally executed conveyance.

20. Since the defendants have failed and refused to act, the Court should exercise its authority under Rule 70 and enter a judgment divesting defendants' title and vesting it in CSC subject to existing liens.

WHEREFORE Plaintiff CSC moves this Court to find defendants in contempt of this Court's order dated August 3, 2022 ("Order") and seeks an order to enforce this Court's order dated August 3, 2022 ("Order"), among other things, directing defendants to immediately execute the quitclaim deeds and pay sanctions of $100 per day since August 31, 2022 until the deeds have been executed and filed or, alternatively, entering a judgment divesting defendants' title and vesting it in CSC subject to existing liens.

## CERTIFICATE OF CONFERRING WITH OPPOSING COUNSEL

As set forth herein, on August 17, 2022, September 1, 2022 and September 21, 2022, the undersigned emailed Jonathan Sobel, counsel for Defendants, seeking their position on this motion. To date, counsel has not replied to the merits.

Dated: September 30, 2022         GELLERT SCALI BUSENKELL & BROWN LLC

                                  By:   /s/ Gary F. Seitz
                                        Gary F. Seitz
                                        8 Penn Center
                                        1628 JFK Blvd, Suite 1901
                                        Philadelphia, PA 19103
                                        Counsel for the Plaintiff
                                        Chestnut Street Consolidated, LLC

## CERTIFICATE OF SERVICE

I, Gary F. Seitz, hereby certify that on September 30, 2022, I caused a true and correct copy of the foregoing **Motion of CSC** to be served on all parties of record by email and ECF transmission.

/s/ Gary F. Seitz
Gary F. Seitz