# **EXHIBIT 3**

# Gary Seitz

| | |
|---|---|
| **From:** | Gary Seitz |
| **Sent:** | Wednesday, September 21, 2022 5:11 PM |
| **To:** | Jonathan Sobel |
| **Subject:** | RE: Chestnut Street Consolidated v. Dawara |

Not a problem.  Thanks.

**From:** Jonathan Sobel <mate89@aol.com>
**Sent:** Wednesday, September 21, 2022 4:26 PM
**To:** Gary Seitz <gseitz@gsbblaw.com>
**Subject:** Re: Chestnut Street Consolidated v. Dawara

Might I have until Monday to discuss with my team?


On Sep 21, 2022, at 12:49 PM, Gary Seitz <gseitz@gsbblaw.com> wrote:

Jonathan,
Now that the briefing on the initial issue raised by the Third Circuit is complete, since I have not heard from you on this, I assume your clients have rejected CSC's proposals.
Therefore, unless I hear from you by 4:00pm today, I plan to file a motion with the court to enforce the order and hold your clients in contempt and will certify your clients' opposition.
Regards,
Gary

<image001.jpg>

**Gary F. Seitz**
Member
**Gellert Scali Busenkell & Brown, LLC**

gseitz@gsbblaw.com | P: 215-238-0011 | F: 215-238-0016

**GSBBlaw.com** || **V-Card**


**From:** Gary Seitz
**Sent:** Thursday, September 1, 2022 9:53 AM
**To:** mate89_aol.com <mate89@aol.com>
**Cc:** Andrew Mogilyansky <andrew@litigationaid.com>
**Subject:** Chestnut Street Consolidated v. Dawara
**Importance:** High

Jonathan:

Contrary to the clear direction of the court's judgment (ECF-138, para 4, p. 2), your clients have not returned executed deeds to undo the avoided transfers. As such, your clients are now in contempt of the Court's order. They were ordered to provide signed deeds no later than yesterday, August 31, 2022. To accommodate your clients, I sent you draft quitclaim deeds and requested that these be returned with your clients' notarized signatures, but you neither provided the deeds nor responded to my email.

Your clients' Notice of Appeal filed on Tuesday (ECF-139) did not request or obtain relief from the judgment, stay the judgment, or seek a stay of execution.  Pursuant to Federal Rule 62(c)(1), the injunctive nature of the judgment that directed your clients to sign and deliver the deeds is not stayed by simply filing a notice of appeal.  Again, your clients are in contempt of the judgment.

This is an urgent matter. Without your clients' compliance with the judgment and the provision of a supersedeas bond, my client has no assurance that the status quo will be preserved as is contemplated by rules surrounding an appeal.  The current value of three properties will be impaired by the application of any further unpaid debt including taxes and unpaid mortgage obligations (reducing equity in the real estate and therefore my client's eventual recovery). Additionally, your clients continue to unfairly enjoy rent-free occupancy of three houses that do not belong to them, while my client is deprived of such rental income. Finally, my client also runs the risk that should the properties be uninsured, the properties may be damaged or destroyed by a casualty such as fire, potentially wiping out my client's entire eventual recovery.

CSC will take steps to rectify your clients' contempt of court, seek to dismiss the appeal for failure to properly preserve the status quo, and starting early next week will seek to execute on the monetary judgment since the 30-day stay will have passed without the provision of a supersedeas bond.

To secure a stay of the execution of judgment and a stay of the order pending appeal, your clients must either post an adequate supersedeas bond **or** obtain an agreement with CSC that preserves the status quo.  To that end, CSC proposes the following alternative terms:

1. **Adequate Bond**

Despite the filing of a Notice of Appeal, your clients did not seek approval of a supersedeas bond or post an appeal bond.  The purpose of a supersedeas bond under Rule 62( d) is to preserve the status quo during the pendency of an appeal and protect the winning party from the possibility of loss resulting from the delay in execution during the appeal.  We note that the deadline for seeking approval of and posting the bond expires tomorrow.

If your clients are in the process of obtaining a bond to secure a stay, please let me know ASAP and provide proof, even if the bond is not yet finalized.  Although Rule 62(d) does not specify the amount of a supersedeas bond, courts have read the rule as requiring "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay."

If a bond is posted for the full market value of the three properties to be transferred  ($813,600), plus fair market rent for 12 months ($54,720), plus 10 percent, for a total bond of $955,150, and your clients agree to provide proof of the monthly mortgage payment on 19 Ridgeway, and provide proof of payment of real estate taxes and insurance for all three properties, my client will agree to stipulate to a stay notwithstanding the sums also owed to my client under the monetary portion of the judgment ($1,982,500 plus pre and post judgment interest).

OR

2. **Alterative Agreement**

As an alternative to your clients posting a bond or immediately complying with the Court's judgment by transferring the three properties, my client will agree to stipulate to a stay of the judgment and stay of execution pending appeal, on the following conditions that will protect the status quo and ensure my client's protection from risks and losses:

1. Your clients must pay the mortgage for 19 Ridgeway on time each month with proof of non-delinquency provided to me.
2. Your clients must pay real estate taxes and insurance for all three properties on time, with proof of non-delinquency and payment provided to me.
3. Your clients must pay $4,560 fair market rent per month starting in September 2022, into an escrow account which may be maintained by you (with proof provided to me) and will be released to your clients if they prevail on appeal, or to my client if the appeal is denied. Any amount received by my client will be credited towards the amount owed to my client under the money judgment.
4. Your clients may not transfer or encumber any of their record interest in the properties to any other party until the appeal is decided.

The $4,560 amount was determined by adding up the following 2022 Fair Market Rent figures from the attached HUD report (also see<https://www.huduser.gov/portal/datasets/fmr/fmrs/FY2022_code/select_Geography.odn>):

- 19 Ridgeway – 4 bedrooms in Zip 19074 – $1,540
- 305 Seminole – 3 bedrooms in Zip 19029 – $1,410
- 407 Seminole – 4 bedrooms in Zip 19029 – $1,610

Again, my client has legitimate concerns about preserving the status quo.  A prompt response is demanded.

I see that your clients have also appealed the court's ruling dated November 12, 2021.  Please confirm that you will comply with L.A.R. 11.1 and order the transcripts for the hearings that lead up to the court's decision in November and will copy me on the order/request.

Looking forward to your response no later than close of business on Friday, September 2, 2022.

Regards,

Gary

**Gary Seitz**
Attorney at Law
**Gellert Scali Busenkell & Brown, LLC**

<image002.png>   gseitz@gsbblaw.com | P: 215-238-0011 | F: 215-238-0016

8 Penn Center, 1628 John F. Kennedy Boulevard, Suite 1910
Philadelphia, PA 19103   or
1201 N. Orange Street, 3rd Floor, Wilmington, DE 19801
**GSBBlaw.com**