IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHESTNUT STREET CONSOLIDATED, LLC | : |
| v. | :No.: 21-CV-03046(ER) |
| BAHAA DAWARA | : |
| And | : |
| IMAD DWARA | : |
| And | : |
| FATAN DAWARA<br>a/k/a FATEN DAWARA | : |
| And | : |
| MAISAA DAWARA | : |
| And | : |
| MIRVAT DAWARA | : |
| And | : |
| ABEER NAIM | : |
| And | : |
| HITHAM ALBAROUKI<br>a/k/a HAITHAM ALBAROUKI | : |
| And | : |
| DOE INDIVIDUALS (1-10), | : |
| And | : |

1

DOE ENTITIES (1-10)                                  :

        Defendants.

**MEMORANDUM OF LAW OF DEFENDANTS, FATAN DAWARA A/K/A FATEN DAWARA, MAISAA DAWARA, MIRVAT DAWARA, ABEER NAIM, HITHAM ALBAROUKI, A/K/A HAITHAM ALBAROUKI'S IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE ORDER AND HOLD CERTAIN DEFENDANT'S IN CONTEMPT**

**AND NOW**, comes Defendants, Fatan Dawara a/k/a Faten Dawara, Maisaa Dawara, Mirvat Dawara, Abeer Naim, Hitham Albarouki, a/k/a Haitham Albarouki's Memorandum of Law in Opposition Plaintiff's Motion to Enforce Court Order and Hold Certain Defendants in Contempt, and in opposition thereof, defendants' will rely upon the following:

**INTRODUCTION**

Plaintiff filed a motion seeking an Order from this Honorable Court holding defendants' in contempt for failing to comply with this Honorable Court's Order of August 3, 2022 and enforcing this Honorable Court's Order of August 3, 2022, ostensibly for defendants' failure to execute certain quitclaim deeds by August 31, 2022.

## PROCEDURAL / FACTUAL BACKGROUND

On August 3, 2022, the Court entered a judgment and Order with a Memorandum of Law, directing defendants to execute quitclaim deeds by August 31, 2022.

Specifically, the court ordered (a) Bahaa Dawara and Fatan Dawara execute a quitclaim deed for the property located at 19 Ridgeway Avenue, Norwood, PA 19074 returning the property to Bahaa Dawara; (b) Imad Dawara and Maisaa Dawara execute a quitclaim deed for the property located at 305 Seminole Street, Essington, PA 19029 returning the property to Imad Dawara; and (c) Imad Dawara and Mirvat Dawara execute a quitclaim deed for the property located at 407 Seminole Street Essington, PA 19029 returning the property to Imad Dawara.

On August 30, 2022, defendants' appealed this Honorable Court's Order to the United States Court of Appeals for the Third Circuit. Following the filing of the Notice of Appeal, the parties were advised by the Third Circuit there could be an issue with respect to jurisdiction of the Court to entertain the appeal. Specifically, on September 1, 2022, the Third Circuit questioned:

> Several defendants have appealed after the district court's August 3, 2022, order that addressed all claims. The order did not, however, calculate the exact amount of the defendants' liability. It may therefore not be a "final decision[]" within the meaning of 28 U.S.C. § 1291 or otherwise appealable. See, e.g., DeJohn v. Temple Univ., 537 F.3d 301, 307 (3d Cir. 2008) ("'[i]t is a well-established rule of appellate jurisdiction . . . that where liability has been decided but the extent of damage remains undetermined, there is no final order.'").

> All parties must file written responses addressing this issue within fourteen (14) days from the date of this order.

(*See* D.E. # 3.). Several Appellants and Appellee filed responses to the Court's inquiry. As of yet, the Court has not ruled on the issue of jurisdiction.

**ARGUMENT**

Plaintiff has moved to find Defendants' in contempt of this Honorable Court's Order of August 3, 2022 and seek to enforce this Honorable Court's Order of August 3, 2022 requiring certain defendants' to execute certain quitclaim deeds.

As a threshold matter, plaintiff's motion seeks to hold certain defendant's in contempt. The two (2) individuals plaintiff seeks to hold in contempt are Bahaa Dawara and Imad Dawara who are currently incarcerated in the Federal Correctional Institution at Fort Dix. The undersigned does not currently represent these two (2) individuals. The other three (3) individuals, Fatan Dawara, Maisaa Dawara and Mirvat Dawara are represented by counsel who have filed a Notice of Appeal to the Third Circuit.

A district court may, within its discretion, impose sanctions for civil contempt. *Elkin v. Fauver,* 969 F.2d 48, 52 (3d Cir. 1992) (citing *United States v. United Mine Workers*, 330 U.S. 258, 303, 67 S. Ct. 677, 91 L. Ed. 884 (1947); *Roe v. Operation Rescue*, 919 F.2d 857, 871 (3d Cir. 1990)).

The purposes of civil contempt sanctions are: "(1) to coerce compliance with the Order; and (2) to compensate for losses sustained by the opposing party due to

the disobedience." *Marshak v. Treadwell*, 595 F.3d 478, 494 (3d Cir. 2009). A compensatory sanction may not exceed the actual loss suffered by the party wronged. *Elkin*, 969 F.2d at 52.

"A plaintiff must prove three elements by clear and convincing evidence to establish that a party is liable for civil contempt: (1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." *Marshak*, 595 F.3d at 485. However, a motion for contempt should not be granted where "there is ground to doubt the wrongfulness of the defendant's conduct," *Harris v. City of Phila.*, 47 F.3d 1342, 1350 (3d Cir. 1995) (internal quotations omitted) (quoting *Quinter v. Volkswagen of Am.*, 676 F.2d 969, 974 (3d Cir. 1982)), or the defendant "took all reasonable steps to comply," *id.* at 1324. Any "ambiguities must be resolved in favor of the party charged with contempt." *John T. ex rel. Paul T. v. Del. Cnty. Intermediate Unit,* 318 F.3d 545, 552 (3d Cir. 2003) (citing *Robin Woods, Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994)).

It should be noted that defendants, Maisaa and Mirvat Dawara have been occupying the respective properties since 2015. They have been paying all expenses associated with the properties since that time. They reside in the properties with their family so this should ally plaintiff's concerns about something untoward happening to the properties. Further, the other property which is

5

currently being occupied by a number of families which is encumbered with a mortgage is being maintained as well.  The mortgage is currently being paid as are the taxes and other related expenses.  There is no obstruction to the status quo remaining on all of the properties pending the resolution of the current appeal.  The properties have not and will not take on any debt or further debt between the time of this Honorable Court's Order and the date of the mandate by the Third Circuit.  The defendants have no intention of doing anything other than residing in the properties.  With respect to any argument about "rent free" occupancy, the mortgage is being paid for the property on Ridgeway Avenue, hardly rent-free.  The other properties on Seminole Street, the property taxes and other associated expenses are being paid, again.  Likewise, all properties are insured and have always been insured.

Finally, the Court did not order the properties awarded to plaintiff.  Plaintiff was simply successful in having the court undo the transfers and return the properties to their pre-December, 2019 titling.  Plaintiff does not own the properties, yet.  Plaintiff will have to take them to foreclosure ostensibly and then either buy them or another individual will buy them and plaintiff would receive the funds.  There is no entitlement, at this point to the properties themselves.  While the requested relief was ordered, plaintiff is simply placing the cart before the horse in their attempt to claim they are being deprived of rent.

Lastly plaintiff invokes F.R.C.P. 70 for the proposition that the Court has the inherent authority to divest defendants' of ownership of the property. F.R.C.P. 70 states, as follows:

> (a) Party's Failure to Act; Ordering Another to Act. If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court *may* order the act to be done—at the disobedient party's expense—by another person appointed by the court. When done, the act has the same effect as if done by the party.
>
> (b) Vesting Title. If the real or personal property is within the district, the court—instead of ordering a conveyance—*may* enter a judgment divesting any party's title and vesting it in others. That judgment has the effect of a legally executed conveyance.

(emphasis added). The express language of Rule 70 establishes the extent of the district court's limited post-judgment authority: "If a judgment directs a party . . . to perform any other specific act . . . and the party fails to comply within the time specified, the court may direct the act to be done . . . ." F.R.C.P. 70.

As noted above, on August 30, 2022, defendants filed a Notice of Appeal to the United States Court of Appeals to the Third Circuit appealing the decision of the Honorable Eduardo Robreno, U.S.D.J. The issue before the Court will be whether the District Court erred in entering the Order and Judgment of August 3, 2022, specifically be requiring certain of the defendants to sign quit claim deeds and entering a monetary judgment as well.

7

**CONCLUSION**

Therefore, for all of the foregoing reasons, it is respectfully requested this Honorable Court deny Plaintiff's Motion to Enforce Order and for Contempt of Certain Persons.

                    Respectfully submitted,

                    **LAW OFFICES OF JONATHAN J. SOBEL**


                    s/JONATHAN J. SOBEL, ESQ.
                    1500 Walnut Street, Suite 2000
                    Philadelphia, PA  19102
                    (215) 735 7535
                    (215) 735 7539
                    Mate89@aol.com

                    Attorney for Defendants

Date:  October 24, 2022