IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHESTNUT STREET CONSOLIDATED, LLC | : |
| v. | :No.: 21-CV-03046(ER) |
| BAHAA DAWARA | : |
| And | : |
| IMAD DWARA | : |
| And | : |
| FATAN DAWARA<br>a/k/a FATEN DAWARA | : |
| And | : |
| MAISAA DAWARA | : |
| And | : |
| MIRVAT DAWARA | : |
| And | : |
| ABEER NAIM | : |
| And | : |
| HITHAM ALBAROUKI<br>a/k/a HAITHAM ALBAROUKI | : |
| And | : |
| DOE INDIVIDUALS (1-10), | : |
| And | : |

1

DOE ENTITIES (1-10)                    :

    Defendants.

# ORDER

**AND NOW,** this _____ day of _____, 2022, upon consideration of Defendants, Fatan Dawara a/k/a Faten Dawara, Maisaa Dawara, Mirvat Dawara, Abeer Naim, Hitham Albarouki, a/k/a Haitham Albarouki's Motion to Stay Enforcement of this Honorable Court's Order of August 3, 2022 and any response thereto:

**IT IS** hereby **ORDERED** and **DECREED** that Defendants' Motion to Stay Enforcement of this Honorable Court's Order of August 3, 2022 is **GRANTED**. The portion of the Court' August 3, 2022 Order requiring Defendants, Faten Dawara (a/k/a Fatan Dawara), Mirvat Dawara, Maisaa Dawara and Bahaa Dawara and Imad Dawara to execute quitclaim deeds to 19 Ridgeway Avenue, Norwood, PA 19074, 305 Seminole Street, Essington, PA 19029, and 407 Seminole Street Essington, PA 19029 is **STAYED** pending further Order of the Court.

Further, **IT IS** hereby **ORDERED** and **DECREED** that Defendants' Motion to Stay Enforcement of this Honorable Court's Order of August 3, 2022 is **GRANTED**. The portion of the Court' August 3, 2022 Order entering an "unallocated" judgment against Defendants, Fatan Dawara and

Abeer Naim "equivalent to the value of the seven additional properties (the "seven properties"), less the value of any valid mortgage or other lien owed on the properties at the time they were fraudulently transferred" is **STAYED** for purposes of Plaintiff's collection efforts.

Alternatively, Defendants' are **ORDERED** to post a Bond in the amount of $_____.

**BY THE COURT**

_____
**ROBRENO, U.S.D.J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHESTNUT STREET CONSOLIDATED, LLC :

   v. :No.: 21-CV-03046(ER)

BAHAA DAWARA :

   And :

IMAD DWARA :

   And :

FATAN DAWARA :
a/k/a FATEN DAWARA

   And :

MAISAA DAWARA :

   And :

MIRVAT DAWARA :

   And :

ABEER NAIM :

   And :

HITHAM ALBAROUKI :
a/k/a HAITHAM ALBAROUKI

   And :

DOE INDIVIDUALS (1-10), :

   And :

DOE ENTITIES (1-10)                          :

        Defendants.

**DEFENDANTS, FATAN DAWARA A/K/A FATEN DAWARA, MAISAA DAWARA, MIRVAT DAWARA, ABEER NAIM, HITHAM ALBAROUKI, A/K/A HAITHAM ALBAROUKI'S <u>MOTION TO STAY PROCEEDINGS TO ENFORCE A JUDGMENT</u>**

      **AND NOW**, comes Defendants, Fatan Dawara a/k/a Faten Dawara, Maisaa Dawara, Mirvat Dawara, Abeer Naim, Hitham Albarouki, a/k/a Haitham Albarouki's Motion to Stay Proceedings, and in support thereof, defendants' will rely upon the following:

1. On August 3, 2022, the Court entered a judgment and Order with a Memorandum of Law, directing defendants to execute quitclaim deeds by August 31, 2022.

2. The Court ordered the following:

    3. Judgment will be entered as follows:

       a. Judgment will be entered in favor of Plaintiff and against the Defendants on Count I.

       b. Counts II, III, IV, and V[1] of the Complaint will be **DISMISSED**;

       c. The following transfers will be voided: (1) The transfer of

---

[1] Count V requests that the Court enter a permanent injunction against Defendants. Because this is a request for relief rather than a claim, and because a permanent injunction will be entered as part of the relief granted under Count I, Count V will be dismissed.

Bahaa Dawara's interest in 19 Ridgeway Avenue, Norwood, PA 19074 to Faten Dawara (a/k/a Fatan Dawara); (2) the transfer of Imad Dawara's interest in 305 Seminole Street, Essington, PA 19029 to Maisaa Dawara; and (3) the transfer of Imad Dawara's interest in 407 Seminole Street Essington, PA 19029 to Mirvat Dawara;

d. **By August 31, 2022**, Defendants will execute the following quitclaim deeds: Bahaa Dawara and Faten Dawara (a/k/a Fatan Dawara) shall execute a quitclaim deed to return title to the property at 19 Ridgeway Avenue, Norwood, PA 19074 to Bahaa Dawara; Imad Dawara and Maisaa Dawara shall execute a quitclaim deed to return title to the property at 305 Seminole Street, Essington, PA 19029 to Imad Dawara; and Imad Dawara and Mirvat Dawara shall execute a quitclaim deed to return title to the property at 407 Seminole Street Essington, PA 19029 to Imad Dawara;

e. Except as provided for in paragraph 3(d) of this Order, Bahaa Dawara and Imad Dawara will be **PERMANENTLY ENJOINED** from transferring their interests in the properties at 19 Ridgeway Avenue, Norwood, PA 19074, 305 Seminole Street, Essington, PA 19029, and 407 Seminole Street Essington, PA 19029 until further order of the Court. Plaintiff may execute on its state court judgment2 against these properties;

f. Plaintiff will be entitled to a judgment equivalent to the value of the seven additional properties (the "seven properties"), less the value of any valid mortgage or other lien owed on the properties at the time they were fraudulently transferred. Defendants will be jointly and severally liable for the value of the seven properties, as follows:

i. Bahaa Dawara and Faten Dawara (a/k/a Fatan Dawara) will be jointly and severally liable for the value of the property at 134 Garfield Avenue, Woodlyn, PA 19094. The property is valued at $324,900.00;

ii. Bahaa Dawara and Faten Dawara (a/k/a Fatan Dawara) will

6

be jointly and severally liable for the value of the property at 140-142 Garfield Avenue, Woodlyn, PA 19094. The property is valued at $289,000.00;

iii. Bahaa Dawara and Faten Dawara (a/k/a Fatan Dawara) will be jointly and severally liable for the value of the property at 312 Fern Street, Darby, PA 19023. The property is valued at $73,800.00;

iv. Imad Dawara and Abeer Naim will be jointly and severally liable for the value of the property at 1524 McKean Street, Essington, PA 19145. The property is valued at $305,400.00;

v. Imad Dawara and Abeer Naim will be jointly and severally liable for the value of the property at 321 Massasoit Street, Essington, PA 19029. The property is valued at $258,600.00;

vi. Imad Dawara and Abeer Naim will be jointly and severally liable for the value of the property at 224 Erickson Avenue, Essington, PA 19029. The property is valued at $203,000.00;

vii. Imad Dawara and Abeer Naim will be jointly and severally liable for the value of the property at 1007 Milmont Avenue, Swarthmore, PA 19081. The property is valued at $528,700.00;

g. Plaintiff will be entitled to pre-judgment interest, pursuant to 41 Pa. Stat. Ann. § 202, and post-judgment interest, pursuant to 28 U.S.C. § 1961. Pre and post-judgment interest will be based on the value of the seven properties at the time they were fraudulently transferred.

4. Plaintiff's request for punitive damages and attorneys' fees is **DENIED**; and

5. The Court will retain jurisdiction over the case.

(D.E. # 137).

3. On August 30, 2022, defendants', Fatan Dawara a/k/a Faten Dawara, Maisaa Dawara, Mirvat Dawara, Abeer Naim, Hitham Albarouki, a/k/a Haitham Albarouki's appealed this Honorable Court's Order to the United States Court of Appeals for the Third Circuit. Following the filing of the Notice of Appeal, the parties were advised by the Third Circuit there could be an issue with respect to jurisdiction of the Court to entertain the appeal.

4. Specifically, on September 1, 2022, the Third Circuit questioned:

> Several defendants have appealed after the district court's August 3, 2022, order that addressed all claims. The order did not, however, calculate the exact amount of the defendants' liability. It may therefore not be a "final decision[]" within the meaning of 28 U.S.C. § 1291 or otherwise appealable. *See, e.g., DeJohn v. Temple Univ.,* 537 F.3d 301, 307 (3d Cir. 2008) ("'[i]t is a well-established rule of appellate jurisdiction . . . that where liability has been decided but the extent of damage remains undetermined, there is no final order.'"). All parties must file written responses addressing this issue within fourteen (14) days from the date of this order.

(*See* D.E. # 3.).

5. Several Appellants and Appellee filed responses to the Court's inquiry. As of yet, the Court has not ruled on the issue of jurisdiction.

6. Following the filing of the Notice of Appeal, defendants' did not file a Motion to Stay Proceedings.

7. On September 29, 2022, Plaintiff filed a Motion to Enforce Order and for Civil Contempt.

8. On October 24, 2022, Defendants' filed a response to the Motion to Enforce and for Civil Contempt.

9. Defendants' move for a stay of proceedings to enforce the judgment entered by the Court on August 3, 2022, specifically, the portion of the Order requiring defendants, Fatan Dawara, Mirvat Dawara and Maisaa Dawara to execute quit claim deeds and the "unallocated" money judgment entered against Defendant, Fatan Dawara and Abeer Naim.

10. Pursuant to F.R.C.P. 62, entitled "Stay of Proceedings to Enforce a Judgment":

> (b) Stay by Bond or Other Security. *At any time* after judgment is entered, a party *may* obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.
>
> (c) Stay of an Injunction, Receivership, or Patent Accounting Order. Unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken:
>
> (1) an interlocutory or final judgment in an action for an injunction or receivership; or
>
> (2) a judgment or order that directs an accounting in an action for patent infringement.

11. As a threshold matter, it is unclear whether the Third Circuit will retain jurisdiction over the case in light of the fact there was an issue with the manner in which the judgment was entered.

12. Secondly, while plaintiff contends defendants' need to seek relief to F.R.C.P. 62(c), defendants' submit that they are not seeking something in connection with the "injunctionary" aspect of the trial court's judgment; the District Court ordered defendants' to sign the deeds, defendants' are requesting a stay of this portion of the Court order. Defendants' do not intend to do anything with the properties other than occupy them.

13. To the extent the Court finds that the relief ordered by the Court is in the form of an injunction, defendant submits that *Hilton v. Braunskill*, 481 U.S. 770 (1987) should not require the execution of the deeds.

14. There are four (4) factors for courts to consider in deciding whether to issue a stay pending an appeal: (1) whether the applicant for stay has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent the requested relief; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) the public interest.

15. Defendants' submit they are likely to succeed on the merits of this case as the District Court improperly ordered the properties to revert to their original, pre-2019 designation. Further, the District Court erred in entering a monetary judgment against Fatan Dawara and Imad Dawara. Secondly, this action involves real property, property being unique and any order by the

Court will irreparably harm the property. Third, there is no likelihood that plaintiff will be damaged by the status quo as the properties will exist and are not going anywhere. Finally, the public interest would be to allow the properties to remain as they are for the time being until the Court of Appeals has the opportunity to address the issues raised both pre-trial and following trial.

16. It should be noted that defendants, Maisaa and Mirvat Dawara have been occupying the respective properties since 2015. They have been paying all expenses associated with the properties since that time. They reside in the properties with their family so this should ally plaintiff's concerns about something untoward happening to the properties.

17. Further, the other property which is currently being occupied by a number of families which is encumbered with a mortgage is being maintained as well. The mortgage is currently being paid as are the taxes and other related expenses. There is no obstruction to the status quo remaining on all of the properties pending the resolution of the current appeal.

18. The properties have not and will not take on any debt or further debt between the time of this Honorable Court's Order and the date of the mandate by the Third Circuit.

19. The defendants have no intention of doing anything other than residing in the properties. With respect to any argument about "rent free" occupancy, the mortgage is being paid for the property on Ridgeway Avenue, hardly rent-free. The other properties on Seminole Street, the property taxes and other associated expenses are being paid, again. Likewise, all properties are insured and have always been insured.

20. Finally, the Court did not order the properties awarded to plaintiff. Plaintiff was simply successful in having the court undo the transfers and return the properties to their pre-December, 2019 titling. Plaintiff does not own the properties, yet. Plaintiff will have to take them to foreclosure ostensibly and then either buy them or another individual will buy them and plaintiff would receive the funds. There is no entitlement, at this point to the properties themselves.

21. While the requested relief was ordered, plaintiff is simply placing the cart before the horse in their attempt to claim they are being deprived of rent.

22. Further, based upon the factual background and the parties familial connections, defendants' would request to be excused from having to post a bond or other security during the pendency of the appeal.

23. Defendants' are people of limited means whose only real asset is the property at issue.

24. It would be unfair for defendants' to be required to either post a bond or security in the entire amount of the judgment (unallocated) and/or the amount of the properties for a bond.

25. However, if the District Court requires the posting of a bond, defendants' will make whatever efforts are required to obtain the bond, knowing it will be difficult to do so.

**WHEREFORE,** for all of the foregoing reasons, it is respectfully requested this Honorable Court grant Defendant's Motion to Stay Proceedings to Enforce a Judgment.

Respectfully submitted,

**LAW OFFICES OF JONATHAN J. SOBEL**

s/JONATHAN J. SOBEL, ESQ.
1500 Walnut Street, Suite 2000
Philadelphia, PA  19102
(215) 735 7535
(215) 735 7539
Mate89@aol.com

Attorney for Defendants

Date:  October 24, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHESTNUT STREET CONSOLIDATED, LLC :

    v.                                                       :No.: 21-CV-03046(ER)

BAHAA DAWARA :

  And :

IMAD DWARA :

  And :

FATAN DAWARA :
a/k/a FATEN DAWARA

  And :

MAISAA DAWARA :

  And :

MIRVAT DAWARA :

  And :

ABEER NAIM :

  And :

HITHAM ALBAROUKI :
a/k/a HAITHAM ALBAROUKI

  And :

DOE INDIVIDUALS (1-10), :

  And :

DOE ENTITIES (1-10)                    :

        Defendants.

## **PROOF OF FILING / SERVICE**

I, JONATHAN J. SOBEL, ESQUIRE, attorney for Defendants, hereby certify that I am duly authorized to make this certification; that on October 24, 2022, I electronically filed the Motion to Stay and caused it to electronically mailed, addressed as follows:

    Gary Seitz, Esquire
    **GELLERT, SCALI, BUSENKELL & BROWN, LLC**
    1628 John F. Kennedy Blvd., Suite 1901
    Philadelphia, PA. 19103

    *Attorney for Plaintiff*

    Thomas Kenny, Esquire
    **KENNY, BURNS & MCGILL**
    1500 John F. Kennedy Blvd., Suite 520
    Philadelphia, PA. 19102

    *Attorney for Defendants, Bahaa Dawara, Imad Dawara*

Respectfully submitted,

**LAW OFFICES OF JONATHAN J. SOBEL**


s/JONATHAN J. SOBEL, ESQ.
1500 Walnut Street, Suite 2000
Philadelphia, PA  19102
(215) 735 7535
(215) 735 7539
Mate89@aol.com

Attorney for Defendants

Date:  October 24, 2022