# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHESTNUT STREET CONSOLIDATED, LLC,** : | CIVIL ACTION NO. 21-3046 (ER) |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| **BAHAA DAWARA,** : | |
| : | |
| **IMAD DAWARA,** : | |
| : | |
| **FATAN DAWARA** : | |
| **a/k/a FATEN DAWARA** : | |
| : | |
| **MAISAA DAWARA,** : | |
| : | |
| **MIRVAT DAWARA,** : | |
| : | |
| **ABEER NAIM,** : | |
| : | |
| **HITHAM ALBAROUKI** : | |
| **a/k/a HAITHAM ALBAROUKI**, : | |
| : | |
| Defendants. : | |

## STIPULATION AND MOTION OF THE PARTIES FOR A CONSENT ORDER APPROVING FURTHER PARTIAL SATISFACTION OF THE JUDGMENT

Plaintiff, Chestnut Street Consolidated, LLC ("CSC"), and Defendants, Bahaa Dawara, Faten Dawara (a/k/a Fatan Dawara), Imad Dawara, Maisaa Dawara, Mirvat Dawara, Abeer Naim, and Hitham Albarouki a/k/a Haitham Albarouki (collectively with CSC, the "Parties") hereby stipulate, agree and jointly move this Honorable Court for a Consent Order as to further partial satisfaction of the judgment entered in this case, return of title to property at 407 Seminole Street, Essington, PA 19029 ("407 Seminole") to Mirvat Dawara and her husband Omar Alameddin, and a credit for $270,000 against amounts owed by Imad Dawara and Bahaa Dawara, and in support thereof stipulate and agree as follows:

1.      On August 3, 2022, the Court entered a judgment in accordance with the Court's Order and accompanying Memorandum (collectively, the "Judgment"), among other things, directing defendants to execute by August 31, 2022, a quitclaim deed as follows:

> Imad Dawara and Mirvat Dawara shall execute a quitclaim deed to return title to the property at 407 Seminole Street, Essington, PA 19029 to Imad Dawara. [ECF No. 138, para 4, p. 2].

2.      On November 22, 2022, the court ordered [ECF No. 155] that Plaintiff's Motion to Enforce Order and Hold Certain Defendants in Contempt [ECF No. 141] was granted in part and denied in part ("Contempt Order"). Defendants Faten Dawara (a.k.a. Fatan Dawara), Maisaa Dawara, and Mirvat Dawara were deemed to be in contempt of court and title to the three properties were transferred to Plaintiff. Defendants' Motion to Stay [ECF No. 147] was granted in part and denied in part.  Plaintiff was enjoined from transferring title to any other party or otherwise encumber the three properties without order of the Court.

3.      The Contempt Order was recorded and title to the three properties was transferred to Plaintiff.

4.      After the defendants appealed the Contempt Order, the Parties entered into a settlement agreement that resulted in a partial satisfaction of the judgment.

5.      After further negotiation since then, the Plaintiff and Defendants entered into another transaction that results in the return of title to property at 407 Seminole to Mirvat Dawara and her husband Omar Alameddin, and a credit of $270,000 in further partial satisfaction of the amounts owed by Imad Dawara and Bahaa Dawara to CSC under the judgment; while CSC is receiving a payment of $270,000 in lieu of title to the 407 Seminole property.

6.      CSC has executed a deed reversing the prior court-ordered title transfer and has delivered it to a title agency.

7. The amount and form of payment to CSC in consideration of the reversal of title to 407 Seminole back to Mirvat Dawara (along with her husband Omar Alameddin) has been agreed by all parties, resulting in a benefit to CSC in the amount of $270,000.

8. CSC is forever releasing any and all rights it has or may have against the 407 Seminole property; and is additionally issuing a credit of $270,000 in further partial satisfaction of the amounts owed by Imad Dawara and Bahaa Dawara to CSC under the judgment.

9. In light of the various court orders affecting title, to avoid any ambiguity regarding the absence of any further rights of CSC with respect to the 407 Seminole property; and to ensure the judgment debtors still receive a corresponding credit, the Parties consent to and request a court order approving the transaction set out above.

10. The court approval of the Parties' transaction is also necessary to provide a clear record of title for any future transactions by Mirvat Dawara and Omar Alameddin as new owners of the 407 Seminole property.

WHEREFORE the parties move this Court for a Consent Order as to further partial satisfaction of the judgment entered in this case, return of title to property at 407 Seminole to Mirvat Dawara and her husband Omar Alameddin, and a credit for $270,000 in further partial satisfaction of the amounts owed by Imad Dawara and Bahaa Dawara, under the judgment.

Dated: September 15, 2023         GELLERT SCALI BUSENKELL & BROWN LLC

By:   */s/ Gary F. Seitz*
      Gary F. Seitz
      8 Penn Center
      1628 JFK Blvd, Suite 1901
      Philadelphia, PA 19103
      Counsel for the Plaintiff
      Chestnut Street Consolidated, LLC

WEISBERG LAW

By:   */s/ Matthew B. Weisberg*

3

                Matthew B. Weisberg
Counsel for the Defendants
Bahaa Dawara, Faten Dawara (a/k/a
Fatan Dawara), Imad Dawara,
Maisaa Dawara, Mirvat Dawara,
Abeer Naim, and Hitham Albarouki
a/k/a Haitham Albarouki

4